IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.                                Criminal No. 3:07CR372

DERRELL BRUNSON

## MEMORANDUM OPINION

Derrell Brunson, a federal inmate proceeding <u>pro se</u>, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Docket No. 66 ("§ 2255 Motion").) Brunson raises six grounds for relief:

| | |
|---|---|
| Claim One | "The District Court erred in its application of the sentencing guidelines enhancement for 'crack' cocaine in absence of proof by a preponderance of the evidence that the form of cocaine base Defendant possessed was actually crack." (§ 2255 Mot. 4.)[1] |
| Claim Two | Brunson received ineffective assistance of counsel during his trial and direct appeal. (§ 2255 Mot. 5.) |
| Claim Three | There was insufficient evidence to convict Brunson at trial. (§ 2255 Mot. 7.) |
| Claim Four | Brunson received ineffective assistance of counsel when counsel failed to call defense witnesses or present mitigating evidence at trial. (§ 2255 Mot. 8.) |

---

[1] When referring to the § 2255 Motion, the Court will employ the numbering given this document by the CM/ECF system. Where appropriate, the Court has corrected capitalization in the quotations to Brunson's submissions.

| | |
|---|---|
| Claim Five | Brunson received ineffective assistance of counsel when trial counsel failed to present a proper closing argument. (§ 2255 Mot. 9.) |
| Claim Six | Brunson received ineffective assistance of counsel when "[t]rial counsel failed to present case as Defendant requested and refused to prepare a sentencing memorandum setting forth mitigating factors that would support leniency consideration at sentencing." (Brunson's Reply (Docket No. 59) 61.)[2] |

The Government responded to Brunson's motion (Docket No. 57). Brunson has submitted a reply (Docket No. 59). The matter is ripe for disposition.

## I. FACTUAL AND PROCEDURAL HISTORY

On August 13, 2007, Officers Ramona Norwood and James Higgins arrested Brunson in Richmond, Virginia for driving under the influence. Brunson was subsequently transported to the Richmond City Jail ("Jail"). Upon Brunson's arrival at the Jail, Sheriff's Deputy Darius Vickers searched him. In Brunson's shoes Vickers discovered baggies containing "little bricks" of an off-white substance similar in appearance to soap. (Joint Appendix on Appeal ("J.A.") (Docket No. 57-1) 75-76.)[3]

---

[2] When referencing Brunson's Reply, the Court will refer to the page numbers given it by the CM/ECF system.

[3] When referencing the Joint Appendix, the Court will refer to the page numbers given it by the CM/ECF system.

Suspecting that this substance was crack cocaine, Vickers turned the baggies over to Officers Norwood and Higgins.

The two officers then transported the baggies containing the off-white substance to the Richmond Police Property Room ("Property Room"). At the Property Room the officers, using an un-calibrated scale,[4] determined that the baggies weighed approximately 81 grams. (J.A. at 92-93.) The officers logged the baggies into the Property Room at this weight. The baggies were placed into an evidence bag and sealed, accepted into the Property Room, and subsequently transported to the State Laboratory for analysis. Kathryn Donahue of the Virginia Department of Forensic Science testified at trial that the total weight of the evidence she received was 146.7981 grams. (Id. at 173.) Donohue analyzed the substance contained within the baggies and found it to be crack cocaine. Brunson was subsequently charged in this Court for possession with the intent to distribute fifty grams or more of cocaine base, commonly known as "crack." (Id. at 11.)

At trial, Paul Gill, counsel for defendant, argued that, because of the large weight discrepancy, significant doubt existed that the substance analyzed by Donahue was the same

---

[4] "The scales in the Property Room are ones that officers have seized from the streets. They are not certified or calibrated, and are used until the batteries run out, at which time they are discarded." (Answer (Docket No. 57) 4.)

3

substance confiscated from Brunson. Nevertheless, after a two-day trial, a jury convicted Brunson of possession with the intent to distribute fifty grams or more of cocaine base ("crack"). The Court sentenced Brunson to 121 months of imprisonment.

Brunson subsequently appealed his conviction to the United States Court of Appeals for the Fourth Circuit. On November 17, 2008, the Fourth Circuit affirmed Brunson's judgment. <u>United States v. Brunson</u>, 300 F. App'x 240 (4th Cir. 2008). On September 24, 2009, Brunson filed his first motion pursuant to 28 U.S.C. § 2255. (Docket No. 54.) On December 8, 2009, the Government responded to this motion. (Docket No. 57.) On February 12, 2010, Brunson replied to the Government's response. (Docket No. 59.) On May 4, 2011, this Court by Order, noting that Brunson had not signed his original motion, directed Brunson to resubmit a new, signed motion. (Docket No. 62.) On June 10, 2011, in compliance with the May 4, 2011 Order, Brunson submitted the current § 2255 Motion complete with his signature. (Docket No. 66.)

## II. ANALYSIS

### A. Procedural Default

The United States correctly notes that, absent a showing of cause and prejudice or actual innocence, Claims One and Three

4

are barred from review here because they could have been, but were not, raised on direct appeal. <u>Bousley v. United States</u>, 523 U.S. 614, 622-23 (1998); <u>United States v. Frady</u>, 456 U.S. 152, 167-68 (1982). "[C]ause" refers to "some objective factor external to the defense [that] impeded counsel's [or petitioner's] efforts to comply with the . . . procedural rule." <u>Strickler v. Greene</u>, 527 U.S. 263, 283 n.24 (1999) (<u>quoting</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)). The following objective factors may constitute cause: "(1) interference by officials that makes compliance with [a] procedural rule impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available to counsel; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel." <u>Wright v. Angelone</u>, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (internal citations and quotations omitted).

### 1. Claim One

Brunson fails to assert any reason why Claim One was not raised on direct appeal. Because Brunson has failed to show cause this Court need not address whether he was prejudiced. <u>Breard v. Pruett</u>, 134 F.3d 615, 620 (4th Cir. 1998) (<u>citing</u> <u>Kornahrens v. Evatt</u>, 66 F.3d 1350, 1359 (4th Cir. 1995)). Accordingly, Claim One will be dismissed.

## 2. Claim Three

Brunson states that Claim Three was not raised on direct appeal because "counsel failed to do so." (§ 2255 Mot 7.)

### a. Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissed for lack of prejudice. Id. at 697.

### b. Brunson's Failure to Show Cause

Appellate "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal, as '[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.'" Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (second alteration in original) (quoting Jones v. Barnes, 463 U.S. 745, 752 (1983)). Additionally, counsel is presumed to have selected the issues that were most likely to afford appellate relief. Id. at 164 (quoting Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993)). Thus, "'only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" Id. (quoting Smith v. Robbins, 528 U.S. 259, 288 (2000)).

On appeal, counsel argued that the District Court abused its discretion in denying Brunson's motion for a new trial. United States v. Brunson, 300 F. App'x 240, 241 (4th Cir. 2008). Brunson had moved for a new trial because the Government had failed "to turn over the inconclusive results of a field test performed on the substance taken off his person when he was arrested." Id. The Fourth Circuit dismissed his appeal because Brunson failed "to demonstrate a reasonable probability that the outcome of the [trial] would have been different had the

7

evidence been disclosed to the defense." Id. (internal quotation marks omitted). Brunson fails to demonstrate his challenge to the sufficiency of the evidence was "'clearly stronger'" than the issue counsel chose to pursue on appeal. Bell, 236 F.3d at 164 (quoting Smith, 528 U.S. 288). Thus, Brunson fails to demonstrate deficiency on the part of counsel. Brunson's assertion of cause is rejected. Accordingly, Claim Three will be dismissed.

**B. Ineffective Assistance During the Trial and Direct Appeal**

In Claim Two, Brunson alleges that his attorney provided ineffective assistance of counsel at trial and during his direct appeal due to a conflict of interest. (Brunson's Reply 39.) The Sixth Amendment guarantee of effective assistance of counsel "'requires meaningful compliance with the duty of loyalty and the duty to avoid conflicts of interest, and a breach of these basic duties can lead to ineffective representation.'" United States v. Nicholson, 475 F.3d 241, 249 (4th Cir. 2007) ("Nicholson I") (quoting United States v. Tatum, 943 F.2d 370, 375 (4th Cir. 1991)). "When a petitioner premises his ineffective assistance claim on the existence of a conflict of interest, the claim is subjected to the specific standard spelled out in Cuyler v. Sullivan, 446 U.S. 335 (1980)." Id. (parallel citations omitted). Specifically, "in order to

8

prevail on an actual conflict of interest claim, [the petitioner must show] that (1) petitioner's lawyer operated under a 'conflict of interest' and (2) such conflict 'adversely affected his lawyer's performance.'" United States v. Nicholson, 611 F.3d 191, 195 n.2 (4th Cir. 2010) ("Nicholson II") (quoting Cuyler, 446 U.S. at 348). "If the petitioner makes this showing, prejudice is presumed and nothing more is required for relief." Id. at 205 (citing Cuyler, 446 U.S. at 349-50).

To establish a conflict of interest, Brunson must demonstrate that his and his counsel's "'interests diverged with respect to a material factual or legal issue or to a course of action.'" Id. at 215 (quoting Nicholson I, 475 F.3d at 249). In support of his claim, Brunson states that "[i]n [the] § 2255 Motion he produced evidence that trial counsel knew before trial that the government refused to turnover [sic] the original drug test results. And counsel never challenged or investigated the issue which resulted in [Brunson] receiving a prison term of 120 months sentence for inconclusive cocaine, all resulting from counsel's failure to act." (Brunson's Reply 39.) The "evidence" produced in the § 2255 Motion consists of an assertion that "defense counsel's defense strategy at trial was incompetent . . . [and defense counsel] failed to present a competent appeal." (§ 2255 Mot. 5.) Neither of these statements demonstrates that Mr. Gill had "an actual conflict of

interest," much less one that adversely affected his performance. Cuyler, 446 U.S. at 348.

Thus, Brunson has failed to assert how his interests diverged from Mr. Gill's "'with respect to a material factual or legal issue or to a course of action.'" Nicholson II, 611 F.3d at 215 (quoting Nicholson I, 475 F.3d at 249); United States v. Lewis, No. 3:07CR310-HEH, 2011 WL 5325660, at *3 (E.D. Va. Nov. 3, 2011) (dismissing claim where petitioner failed to identify a factual or legal issue with which petitioner's interests diverged from counsel's); Colosi v. Johnson, No. 2:06CV33, 2007 WL 419497, at *12 (E.D. Va. Feb. 2, 2007) (same). The Court will address Brunson's assertions that counsel performed deficiently at trial in conjunction with its analysis of Claim Four. For the foregoing reasons, Claim Two will be dismissed.

### C. Ineffective Assistance Due to the Failure to Call Witnesses or Present Mitigating Evidence

In Claim Four, Brunson asserts that his counsel ineffectively failed to properly cross examine witnesses, failed to call defense witnesses, and failed to present mitigating evidence. Brunson has not identified any specific defense witnesses that should have been called nor does he proffer the substance of any witness's testimony. (See Brunson's Reply 50-55.) Further, Brunson has not proffered the "mitigating evidence" that Mr. Gill refused to put on. (See id.) Thus,

Brunson does not establish that counsel was ineffective on these two points. Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir. 1990) ("Appellant cannot establish ineffective assistance of counsel under Strickland v. Washington on the general claim that additional witnesses should have been called in mitigation." (citing Briley v. Bass, 750 F.2d 1238, 1248 (4th Cir. 1984)).

Next, Brunson states that he was searched at the Richmond City Jail by Deputy Vickers who later "testified that [Vickers] instructed [Brunson] to remove his shoes, and belt, cell phone, and keys, and to put all items into a property bag." (Brunson's Reply 50.) Brunson further states that "this Deputy never physically examined the alleged cocaine that[']s individually bagged up, so his testimony [referring to it as crack] is simply talk." (Id. 51; see J.A. 75-76 ([Vickers:] "I found crack cocaine in like little bricks, little small bricks.").) As the basis for his claim that counsel did not vigorously cross examine witnesses, Brunson appears to argue that, because Deputy Vickers never prepared a written report, his testimony at trial was "not evidence."[5] (Brunson's Reply 50 (internal quotation marks omitted).)

---

[5] The Court recognizes that pro se pleadings must be construed liberally. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits. . . . District judges are not mind readers. Even in the case of pro se litigants, they cannot be expected to

11

The Court first notes that whether Deputy Vickers prepared a written report on the results of his search of Brunson has no bearing on the admissibility of his testimony. Vickers's reference to the substance confiscated from Brunson as "crack" did not prejudice Brunson. The Government offered Vickers's testimony only to establish chain of custody for the substance confiscated from Brunson, not to identify the substance.[6] Thus, the statement was not offered for an improper purpose.

Accordingly, Mr. Gill properly clarified Vickers's roll during cross examination.

| | |
|---|---|
| [Mr. Gill] | You talked about your experience in seizing suspected drug items. You are, however, not a forensic chemist, are you? |
| [Vickers] | No, I'm not. |
| [Mr. Gill] | Just to be clear, when you testified "that's what I took out of Mr. Brunson's shoe," again it looks like it, correct? |
| [Vickers] | Yes. |

(J.A. 79-80.) Because Vickers's statement was not offered for an improper purpose and defense counsel properly emphasized that

---

construct full blown claims from sentence fragments. . . ." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

[6] The Government subsequently offered testimony from the forensic chemist who analyzed the substance confiscated from Brunson as evidence that the substance was cocaine base ("crack"). (See J.A. 173.)

12

fact on cross examination, Brunson does not demonstrate that counsel's actions were either deficient or prejudicial. Accordingly, Claim Four will be dismissed.

D. **Ineffective Assistance Due to Improper Closing Argument**

In Claim Five, Brunson asserts that his counsel ineffectively failed to present a proper closing argument. (Brunson's Reply 56.) In support of this claim, Brunson notes that during closing argument, Mr. Gill stated: "You don't measure the defendant's theories and say it's not good enough. Well, it makes some sense, . . . [.]" (Id.) Brunson claims that this was a misstatement in favor of the Government. (Id.) Brunson is mistaken.

Brunson quotes a small part of defense counsel's closing argument. In context Mr. Gill's statement is much easier to understand. Counsel stated:

> Now, one last thing. Again, at the end of the day the way we are at all comfortable with the system of justice in the United States is the recognition that you all [the jury] are doing your job according to the instructions given. And maybe some of those arguments that are going on back there during deliberations will be to the effect of: You know what? . . . . I don't think beyond a reasonable doubt that officers committed perjury. I don't think beyond a reasonable doubt that someone really did just confuse the drugs.
> Well, if you hear that out of anyone's mouth, I hope each and every one of you says, "What are you doing?" That's not the instruction you're going to get. Since Derrell Brunson bears no burden to prove anything to you, that's the wrong measurement. <u>You don't measure the defendant's theories and say it's</u>

13

> not good enough. <u>Well, it makes some sense,</u> but it's not this high. It doesn't satisfy me that much. So I'm going to find him guilty. That's not how it works under the instructions you're going to be given.
>     The burden . . . is on the United States to prove beyond a reasonable doubt every element of the crime.

(J.A. 272-73 (emphasis added).)

Trial counsel, in this case, merely emphasized that the standard of proof to convict Brunson was beyond a reasonable doubt and that the burden of proof was on the Government. An argument by defense counsel that the Government has not met its burden of proof is a reasonable strategic argument insufficient to support a claim of ineffective assistance of counsel. <u>Nutter v. Seifert</u>, No. 6:07-cv-00140, 2008 WL 867956, at *39-40 (S.D. W. Va. Mar. 28, 2008) (finding that defense counsel's statement that defendant might not be innocent when reciting the burden of proof during his closing statement was not ineffective assistance of counsel). Because Brunson fails to demonstrate deficiency or prejudice, Claim Five will be dismissed.

### E. Ineffective Assistance Due to Failure to Present Case as Defendant Wanted

In Claim Six, Brunson contends the following omissions by counsel demonstrate counsel's deficient performance:

(a) counsel failed to present his alibi;

(b) counsel failed to present expert testimony of a forensic documents examiner regarding the drug testing results;

14

(c) counsel "failed to investigate the Government having the Defendants [sic] sentenced under the alleged 146 grams of unweighed, unproven 'crack;'"

(d) counsel failed to interview witnesses on behalf of Brunson;

(e) counsel failed to make objections to Officer Higgins's testimony;

(f) counsel failed to properly cross examine Officer Higgins;

(g) "communication completely b[r]oke down between counsel and [Brunson];"

(h) "counsel refused to file [Brunson's] appeal as he requested;"[7] and,

(i) counsel refused to investigate or present mitigating evidence at sentencing.

(Brunson's Reply 61-63.)

### 1. Failure to Present Alibi; Failure to Present Expert Testimony; Failure to Investigate Government

"It is within the discretion of the district judge to deny without a hearing Section 2255 motions which state only 'legal conclusions with no supporting factual allegations.'" Raines v. United States, 423 F.2d 526, 531 (4th Cir. 1970) (quoting Sanders v. United States, 373 U.S. 1, 19 (1962)). Brunson has submitted a number of Claims (6(a), 6(b), 6(c), 6(e), and 6(f)) which run afoul of this principle.

---

[7] As previously noted, counsel did pursue an appeal. The Court also notes that Brunson received 121 months of imprisonment, not "a life sentence" as he claims in his Reply. (Brunson's Reply 63.)

15

For example, in Claim 6(a) Brunson asserts that Mr. Gill failed to present his alibi but does not proffer what that alibi might have been. (Brunson's Reply 61.) In Claim 6(b), Brunson asserts that counsel failed to present the testimony of a forensic documents examiner "in the matter of the drug test results" but fails to state what this expert would have said or how this expert's testimony would have influenced the jury in his case. (Id.) In Claim 6(c), Brunson next asserts that counsel "failed to investigate the Government having [Brunson] sentenced under the alleged 146 grams of unweighed, unproven crack," but does not state what that investigation would have revealed to help his case. (Id.) In Claim 6(e), Brunson also states that Mr. Gill failed to object to Officer Higgins's testimony "'to be inherently unbelievable.'" (Brunson's Reply 61 (internal quotations omitted).) Finally, in Claim 6(f), Brunson asserts that counsel failed to properly cross-examine Higgins "surrounding the 146 grams evidence unweighed." (Id.) Brunson does not, however, advance any facts to support his conclusion that the foregoing omissions by counsel were deficient. Raines, 423 F.2d at 531 (citing Sanders, 373 U.S. at 19). Accordingly, Claims 6(a), 6(b), 6(c), 6(e), and 6(f) will be dismissed.

### 2. Failure to Interview Witnesses; Failure to Present Mitigating Evidence at Sentencing

In Claims 6(d) and 6(i) Brunson asserts that Mr. Gill did not interview witnesses or present mitigating evidence at sentencing. (Brunson's Reply 64.) Here, as in Claim Four, Brunson does not identify any specific witness whom Mr. Gill did not interview. Moreover, Brunson provides only the following vague proffer of what these unidentified witnesses might have offered:

> There were a large number of people wanting to come forward at sentencing and testify that, in their experience, [Brunson] was a responsible, nonviolent man, devoted to his family, had come to the aid of others on a number of occasions, was respected and thought well of, was a positive influence in his community, was active in his religion, and that no one who knew him believed him guilty of distributing drugs.

(Brunson's Reply 64.) Given the significant evidence of Brunson's guilt, counsel cannot be faulted for not pursuing the evidence Brunson identifies here. Bassette, 915 F.2d at 941 (citing Briley, 750 F.2d at 1248). Furthermore, Brunson fails to show any possibility that this sort of nebulous evidence would alter the outcome of his sentence. Because Brunson has not demonstrated deficiency or prejudice, Claims 6(d) and 6(i) will be dismissed.

### 3. Breakdown of Communications

Brunson argues that an irreconcilable conflict existed between Mr. Gill and him that prevented Brunson from receiving effective assistance. (Brunson's Reply 63.)[8] As discussed above, see supra Part II(B), to establish a conflict of interest, Brunson must demonstrate that his and his counsel's "'interests diverged with respect to a material factual or legal issue or to a course of action.'" Nicholson II, 611 F.3d at 215 (quoting Nicholson I, 475 F.3d at 249). As in Claim Two, here, Brunson never identifies any factual or legal issue on which his interests and those of counsel diverged,[9] and thus, has not

---

[8] Brunson relies on the holding of the United States Court of Appeals for the Ninth Circuit in Brown v. Craven, 424 F.2d 1166 (9th Cir. 1970), to support this contention. (Brunson's Reply 65-66.) However, the defendant in Brown had filed no less than four motions with the trial court prior to sentencing seeking new counsel. Brunson has not asserted any facts indicating that he moved the Court in his case to appoint new counsel for him. "Because [Brunson] did not object to this alleged conflict in the trial court, [Brunson] must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." United States v. Hamill, 252 F. App'x 260, 262 (10th Cir. 2007) (citing cases).

[9] In his Reply, Brunson states:

> Whatever input [Brunson] attempted to provide in his defense, counsel dismissed it as futile. Counsel would rarely take the time to listen to [Brunson]. He just assumed [Brunson] was guilty, taking the position that [Brunson's] suggestions were merit less, and proceeded to dispatch the trial. Counsel would not consult with [Brunson] on important decisions, and refused to keep [Brunson] informed of important developments in the course of the prosecution.

established an actual conflict of interest. <u>Lewis</u>, 2011 WL 5325660, at *3; <u>Colosi</u>, 2007 WL 419497, at *12. Accordingly, Claim 6(g) will be dismissed.

### 4. Failure to File Appeal as Requested

Brunson asserts that counsel was ineffective for "refusal to file [Brunson's] appeal, stating how ineffective [counsel] was on appeal, as [Brunson] requested . . . ." (Brunson's Reply 63.) "However, it is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997) (<u>quoting</u> <u>United States v. Williams</u>, 977 F.2d 866, 871 (4th Cir. 1992)). Here, no conclusive evidence of ineffective assistance exists in the record. Thus, Brunson fails to demonstrate that counsel acted deficiently for not seeking new appellate counsel to present such a claim on direct appeal. Accordingly, Claim 6(h) will be dismissed.

---

[Brunson] told counsel that it was soap that the officials removed from his shoes, counsel intentionally ignored [Brunson]. Consequently, communication completely b[r]oke down between counsel and [Brunson]. The conflict became irreconcilable.

(Brunson's Reply 61-62.) Brunson fails to identify, as he must, specific facts or suggestions which counsel failed to listen to or specific strategies that counsel refused to consider.

19

### III. CONCLUSION

Brunson's claims will be dismissed. Brunson's § 2255 Motion (Docket No. 66) will be denied and the action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Brunson has not satisfied this standard. Accordingly, the Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Brunson and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: February 9, 2012
Richmond, Virginia